Green, J.
delivered the opinion of the court.-
This action was brought by Denman against Miller, to recover damages for enticing out of the possession- and *234 service of the plaintiff, a slave, named Harriet, the defendant knowing her to be the property of the plaintiff. The defendant pleaded not guilty, and issue thereon having been taken, and the cause coming on for trial, it appeared that the girl Harriet was the daughter of a woman by the name of Rose, who was possessed and claimed as a slave by Denman, who resides in Georgia. About two years before the occurrence, which forms the subject of this suit, took place, the girl Harriet made her appearance in Sevier county in this State, passing by the name of Irene Sanders, and assuming to be free, and as she was white, no one suspected that she was a slave, or that she had any negro blood. The girl, Harriet, was residing with the defendant, when the plaintiff went to his house, and claimed her as his slave. The girl admitted she was a slave, and was taken by the plaintiff into his possession, and they set out for Georgia. Some of the neighbors of defendant came to him, and wanted to know if there was no way of making the plaintiff prove that the girl was a slave. He suggested in reply, that as she admitted she was a slave, perhaps they had better let the matter rest. Afterwards at their request he drew up a blank process, and gave it to them, and they arrested the plaintiff, and brought him and the girl before two justices, who discharged the girl, and committed the plaintiff to prison. After this the defendant was asked, what was to be done with the girl? To which he replied, he supposed she might go where she pleased, which declaration was communicated to her. In a few days afterwards, she left the neighborhood in company with a young man, by whom she was taken to Rhea county.
Evidence was introduced by. the defendant, proving that Rose, the mother of Harriet, was reputed to have been free; that she came from Pennsylvania, and had been improperly reduced to bondage. Evidence was also introduced, proving the admissions of Denman, that *235 Rose was free; and also, that he said it was supposed 7 7 xx she was free-born»
The court charged the jury, among other things, that the depositions read, with the view to establish the freedom of the girl, Irene Sanders, so far as they state only hearsay, report, or reputation, ought to be laid out of the case, that Mr. Miller, the defendant could not avail himself of such evidence in this suit, whatever might, be the case in a suit brought by Irene Sanders against Den-man for her freedom. That the admissions of Denman, or statements made by him were evidence to be submitted to the jury, and if he made them voluntarily, as of facts within his own knowledge, then they were proper for the jury, but if from the whole evidence in the case, the jury believed he only meant to admit the fact, as having been derived from the information of others, it would fall under the rule before laid down as to report, hearsay, and reputation.”
In order to maintain this action, it was essential that the declaration should allege that the girl, Harriet, was a slave, and that she was the property of the plaintiff. Upon the existence of these facts depend his right to recover, and, consequently, they must be proved. The fact, that she was a slave being established, then proof that the plaintiff had her in possession, claiming her as his property, would be sufficient evidence of title, to authorize him to recover against a wrong doer. But the previous fact, that she was a slave, must be made to appear; and necessarily all competent evidence, by which the existence, or non-existence of that fact may be established, was admissible. If the plaintiff must prove the fact of slavery, as he alleges it, surely it is competent for him to do so by any evidence that would be admissable, were Harriet contesting the fact, in a suit for freedom. If she was of black complexion, and if herself and ancestors were reputed to be slaves, that would be sufficient proof of- die fact. So, on the contrary, it was competent for *236 tj)e defendant to prove that she was of fair complexion, 1 x straight hair, and that she'was the daughter of a woman wh0 was reputed to be free. This principle is distinctly assorted by this court, in the case of Vaughan vs. Phebe. Mart. & Yerg. 5. Although that case extends the right to introduce hearsay evidence to the utmost limit, and fur-than other courts of high authority have gone; yet, as that case was fully argued, and maturely considered by the court, and has been acquiesced in ever since that decision was made, we will not now disturb it.
But the counsel for Denman insists, and so the court charged the jury, that although this evidence might be admissible in a suit by the girl against Denman for her freedom, yet the defendant is not entitled to its benefit in this action. And why is he not? The fact, whether she is a slave or not, is directly in issue, and it is not perceived by what rule, evidence, which is competent to prove the freedom in one action, is incompetent to prove it in another, where the fact is as directly in issue. Suppose Denman had proved that he was in possession of the girl, claiming her as a slave, and had rested his case there; and thereupon Miller had proved that she was of fair complexion, with straight hair, high thin nose, with all the other indications of European descent, and that she had lived two years in the neighbourhood, without any person having the least suspicion that she had any African-blood, or was a slave, would the fact of her freedom.have been questioned for a moment? and would it not have been perfectly absurd to have insisted, that the mere fact of Denman’s claim and possession, should be taken as evidence of the slavery charged in the declaration, in opposition to the presumption to the contrary furnished by all these facts, indicating that she was free? So on the other hand, the dark complexion, the woolly head, and flat nose, with the possession and claim of ownership on part of the plaintiff, would have established, prima facie, the slavery and o\vnership as charged. *237 It is true, the enticing the girl, Harriet, out of the possession and service of the plaintiff, constitutes the g’st of the action. But if she was free, the plaintiff was not thereby injured, and has no right to complain. The question, therefore, recurs, whether evidence of the possession and claim of ownership' of a human being by a plaintiff is sufficient proof to entitle him to a recovery in this action. We think it is not. There must be some proof that such human being is a slave. And, while the dark complexion and vvoolly head would constitute prima facie that proof; the fair complexion, straight hair, would repel the conclusion, and hence a resort to other proof would be necessary. In the investigation of the fact thus necessarily involved in the controversy, the same evidence by which it would be lawful to establish it in a controversy for the freedom of the girl, would be proper in this action.
The court also erred in its charge, relative to the admissions of the plaintiff. It can never be a question for the investigation of a jury, upon what reasons a party is induced to make confessions. Whether he derives the facts admitted from his own knowledge, or from information is perfectly immaterial, and the inquiry, as to how he obtained information of what he admits, is wholly irrelevant. The only question is, did he make the admissions freely, and without any qualification; if so, they are when satisfactorily proved, the highest evidence of tho fact. But if there was any qualification of the fact admitted, or if it be no more than a repetition of what others had said, it would be entitled to very little weight. In this case the court did not permit the jury to form a just judgment of the admissions of the plaintiff, by excluding from their consideration all admissions of facts which might not have been within his_own knowledge. For these errors the judgment will be reversed, and the cause be remanded for another trial.
Judgment reversed.. -